**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOSHUA MARSING, | No.    14-36098 |
| Petitioner-Appellant, | D.C. No. 1:07-cv-00705-CL |
| v. | |
| JEFF PREMO, Superintendent, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted July 8, 2016**
Portland, Oregon

Before: PREGERSON, BEA, and OWENS, Circuit Judges.

Joshua Marsing, an Oregon state court prisoner, appeals from the district

court's denial of his petition for a writ of habeas corpus.  As the parties are familiar

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court correctly held that Marsing's procedural default of the ineffective assistance of trial counsel claim was not excused under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). To show excusable cause for a procedurally defaulted ineffective assistance of counsel claim, a petitioner must establish, among other things, that (1) the claim is substantial and (2) that his post-conviction relief (PCR) counsel was ineffective for not bringing the claim in state court. *Id.* at 1320. "To establish ineffective assistance of counsel, [Marsing] must demonstrate (1) that counsel was ineffective and (2) that counsel's deficient performance prejudiced him." *Smith v. Ryan*, -- F.3d --, No. 14-99008, 2016 WL 3034147, at *21 (9th Cir. May 26, 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 692 (1984)).

1.      Marsing's ineffective assistance of trial counsel claim is not substantial. According to Marsing, trial counsel's "failure to object to the admission of TTB's written log on Fourteenth Amendment grounds fell below an objective standard of reasonable representation." We disagree. The introduction of a coerced confession violates the Constitution only if the confession is the product of *government* coercion. *Colorado v. Connelly*, 479 U.S. 157 (1986).

2

Here, Marsing has offered virtually no evidence of government coercion. It is irrelevant that TTB might have felt coercive pressure *from her parents* to confess to sexual activity with Marsing or that TTB's parents kept her confined at the residential facility. There was no evidence of collusion between the detective and TTB's parents in eliciting TTB's confession to sexual relations with Marsing. On the contrary, TTB testified that the confession just "slipped out" while she was talking to staff at the residential facility. Thus, trial counsel did not act outside the wide range of reasonable professional assistance in failing to object to the introduction of the log on due process grounds.

Yet, even assuming that counsel should have raised such an objection, Marsing does not show that he was prejudiced by his trial counsel's allegedly deficient performance. Marsing fails to demonstrate that there is a reasonable probability that he would not have been convicted if his trial counsel had successfully objected to the log being introduced into evidence. *See Strickland*, 466 U.S. at 694.

First, Marsing's trial counsel undermined the evidentiary value of the written log during trial by eliciting testimony that TTB was led to believe that she could not leave the residential facility if she did not admit to sexual contact with Marsing, and that it was possible that the statements in the log were not completely

3

accurate. Marsing's counsel also argued during closing argument that the log was not trustworthy. Therefore, it was not reasonably likely that excluding the log would have made a difference. Second, the statements in the log were duplicative of TTB's testimony. TTB testified about her sexual activity with Marsing at length, aside from her reading of the log. Lastly, there was overwhelming evidence that established Marsing's guilt independently of the log. For example, the state introduced sexually explicit letters that Marsing exchanged with TTB, and one of TTB's friends testified that she saw Marsing engaging in sexual contact with TTB. Accordingly, Marsing's ineffective assistance of trial counsel claim was not substantial.

2.    Marsing's PCR counsel was not ineffective by failing to bring the ineffective assistance of trial counsel claim in state court. As the government points out, "[a]lthough post-conviction counsel initially alleged that trial counsel was ineffective for failing to object to admission of the victim's log, he later withdrew that claim." Therefore, there "is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." *Harrington v. Ritcher*, 562 U.S. 86, 109 (2011) (internal quotation marks and citation omitted). PCR counsel's decision to withdraw the ineffective

assistance of trial counsel claim was clearly tactical and reasonable considering its weaknesses.

**AFFIRMED.**